# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 3:19-CV-02228 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiff Ronald Stockton's second amended complaint.

(Doc. 96.)  Defendants have filed a motion to dismiss the amended complaint as

well as all claims in the second amended complaint except those associated with

the January 28, 2018[1] and April 11, 2018 events.  (Doc. 98.)  Because the amended

complaint has already been dismissed, the court will only grant Defendant's

motion in part.  Additionally, screening the second amended complaint pursuant to

28 U.S.C. § 1915(e)(2)(B), the court will dismiss all the claims raised in Plaintiff's

second amended complaint except the January 27, 2018 excessive force claim

against Defendants Larcass and DuFour.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in December of 2019.

(Doc. 1.)  In the complaint, Plaintiff alleged retaliation, cruel and unusual

---

[1] Plaintiff clarifies the correct date is January 27, 2018 in the second amended complaint.  (Doc. 96.)

1

punishment, due process violations, and defamation of character by the following

thirteen Department of Corrections ("DOC") employees: (1) John Wetzel

("Wetzel"), Secretary of Corrections; (2) Barry Smith ("Smith"), Superintendent;

(3) D.J. Close ("Close"), Deputy; (4) Knowles, Captain; (5) McClare, Sergeant; (6)

Baylist, Correctional Officer; (7) Hunt, Correctional Officer; (8) Neyman,

Correctional Officer; (9) Dyke, Correctional Officer; (10) DuFour, Correctional

Officer; (11) Larcass, Correctional Officer; (12) Miller, Captain; and (13)

Swanson, Lieutenant.  (Doc. 1.)  The complaint described a series of events

beginning in April of 2016 that Plaintiff characterized as retaliation.  (*Id*.)

The complaint was forwarded to Defendants on June 11, 2020, and

Defendants filed waivers of service.  (Docs. 8, 12.)  Defendants answered the

complaint on November 22, 2020.  (Doc. 24.)  Fact discovery closed on May 28,

2021, and deadline for dispositive motions was June 30, 2021.  (Doc. 27.)  The

deadline for dispositive motions was later amended to August 31, 2022.  (Doc. 53.)

A status conference was held on March 22, 2023, and the court allowed

Defendants to file a motion for judgment on the pleadings.  (Doc. 75.)  Defendants

timely filed a motion for judgment on the pleadings on May 1, 2023.  (Doc. 82.)

Plaintiff filed a brief in opposition on May 24, 2023.  (Doc. 86.)  On June 21, 2023,

the court entered a memorandum and order granting the motion for judgment on

the pleadings in part and granting Plaintiff leave to amend the complaint.  (Docs.

87, 88.)  The court dismissed all claims against the Defendants in their official capacity for monetary damages and all claims that occurred prior to May 26, 2017 with prejudice.  (Doc. 88.)  The court's memorandum and order allowed Plaintiff's claims against Defendants Larcass and DuFour for the January 28, 2018 use of O.C. spray to survive judgment on the pleadings and limited Plaintiff to amending his complaint regarding the claims against Defendants Wetzel, Knowles, and Close and the claims associated with the January 28, 2018 denial of the haircut and the April 11, 2018 use of the O.C. spray.  (Doc. 87, pp. 15–16; Doc. 88.)[2]

Plaintiff filed a motion for reconsideration of the court's June 21, 2023 order on July 19, 2023.  (Doc. 89.)  His brief in support was filed on July 24, 2023. (Doc. 90.)  The court denied Plaintiff's motion for reconsideration on August 15, 2023.  (Doc. 94.)

Plaintiff filed an amended complaint on July 24, 2023.  (Doc. 92.)  This amended complaint attempted to add twenty-three additional defendants and to raise claims stemming from events starting in April of 2016.  (*Id*.)  However, this amended complaint failed to allege the facts surrounding the January 27, 2018 use of O.C. spray or denial of the haircut.  (*Id*.)  On August 15, 2023, the court dismissed all claims raised in the amended complaint except those regarding the

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

facts alleging "[a]fter the January 27, 2018 incident" and concerning the April 11, 2018 events.  (Doc. 94.)  The court granted Plaintiff leave to further amend the pleading, but limited any amended pleading to the following:

> limited to raising facts and claims associated with the claims against Defendants Wetzel, Knowles, and Close, the claims associated with the January 28, 2018 denial of the haircut, the claims associated with the January 28, 2018 use of the O.C. spray, and the claims associated with the April 11, 2018 use of the O.C. spray.  No new or additional claims will be considered.

(*Id.*, p. 10.)

Plaintiff filed a second amended complaint in September of 2023.  (Doc. 96.)  This second amended complaint brings the following claims against the "above listed defendants":

> Excessive Force; Cruel and Unusual punishment, Deliberate Indifference; Retaliation For utilizing a vehicle to Access the Courts (Grievances, Complaints, etc) [sic]; Conspiracy; Defamation of Character; Violation of Equal Protection; Retaliation due to sexual preference; denial of Religious Practice; Failure to Protect; Assault; Sexual Assault/Harassment; On going harm.

(*Id.*, pp. 1–2.)  However, the only "above listed defendant" is John Wetzel, who is listed in the case caption.  (*Id.*, p. 1.)  Plaintiff failed to include any section identifying the defendants.

Plaintiff alleges that on January 27, 2018, he signed up for a haircut at 6:08 am because it had been over thirty days since his last haircut.  (*Id.*, ¶ 3.)  He then alleges that Defendants Larcass and DuFour told him that he could not receive a

haircut because he had not been in the restricted housing unit ("RHU") for thirty days.  (*Id.*, ¶ 5.)  Plaintiff alleges that when he informed them that this was inconsistent with DOC policy, he was told to lay down, called a "Faggot", and threatened with O.C.  (*Id.*)  Plaintiff states that "Defendants DuFour and Larcass were implementing a punishment in violation of Title 32 Pa. Code § 93.10, in retaliation for me filing grievances, etc., as only a Hearing Examiner can issue a punishment/sanction."  (*Id.*, ¶ 3.)

Plaintiff then alleges that on the same day, as the lunch trays were being delivered, he stuck his arm out of the slot to gain Lieutenant Porta's attention.  (*Id.*, ¶ 6.)  He alleges that he ate his meal, then sat the tray outside the cell door.  (*Id.*, ¶ 7.)  Defendant Larcass then proceeded to make rounds on the unit around 10:40 am and said "Stockton, you are a Faggot that needs to be taught a lesson," and "[w]e just maybe the ones to teach you a lesson, Smith, Close, and Knowles said we can do what we want to get your Faggot ass in line."  (*Id.*)  Plaintiff alleges this demonstrates sexual harassment and conspiracy to retaliate.  (*Id.*)  Plaintiff alleges that Defendant Larcass called him a "Dick sucking Faggot."  (*Id.*, ¶ 8.)

Plaintiff alleges that at around 10:47 am, Defendants Larcass and DuFour, and an unnamed officer arrived at his cell door with a shield and "as these officer's [sic] put the shield on front of my cell door, C.O. Larcass told C.O. DuFour to spray this Faggot, Smith Close and Knowles started to do whats needed until this

Faggot stops the grievances and complaints," which Plaintiff alleges shows conspiracy, sexual harassment, and equal protection.  (*Id*., ¶ 9.)  He alleges that Defendant DuFour removed the shield and emptied a whole can of O.C. into Plaintiff's face while stating "Fuck this Faggot, I got him."  (*Id*., ¶ 10.)  Plaintiff alleges that no staff contacted the sift commander as required under DC-ADM 6.5.1.  (*Id*., ¶ 11.)

Next, Plaintiff alleges that Defendants DuFour and Larcass falsified official documents which defamed him and were used to deny his eligibility for parole. (*Id*., ¶ 12.)

Plaintiff alleges that after the January 27, 2018 incident, Defendant Close informed him that if he kept filing grievances he would continue to get fraudulent misconducts, sprayed with O.C., and left on RHU where he will be deprived of his daily exercise.  (*Id*., ¶ 13.)

Plaintiff alleges that he was told by Defendant Knowles that Superintendent Smith and Close said once he stopped filing the paperwork, "only then can he call off the dogs (CO.'s), but if I don't stop then the gloves come off."  (*Id*., ¶ 14.)

Plaintiff alleges that on April 11, 2018, Lieutenant Woomer had a three-man complaint team at his cell and asked that he uncover the cell window.  (*Id*., ¶ 15.) Plaintiff states that he complied, and Lieutenant Woomer authorized a corrections officer to dispense an entire fire extinguisher of O.C. into Plaintiff's cell.  (*Id*.)  He

alleges that while being escorted out of the cell, Lieutenant Woomer whispered "[w]e got your Faggot ass now, you['re] gonna pay for all the paper work you've been filing, Smith, Close, and Knowles warned you."  (*Id.*)

Plaintiff alleges that he had a cut on his wrist and was burning from O.C. exposure, and Nurse Simington refused to reassess him and denied him medical care.  (*Id.*, ¶ 16.)  He states he was left in a cell with no mattress, clothing, shoes, hygiene, running water, or working toilet for seven days demonstrating a continued conspiracy to retaliate.  (*Id.*)

Plaintiff asserts that Defendants Larcass and DuFour, and Lieutenant Woomer are guilty of failing to protect him.  (*Id.*, ¶ 17.)

On October 3, 2023, Defendants filed a motion to dismiss both the amended complaint and the second amended complaint.  (Doc. 98.)  The accompanying brief in support demonstrates that Defendants were not aware of the court's dismissal of the claims raised in amended complaint in August of 2023.  (Doc. 102.)  The court will only consider Defendants' arguments for the dismissal of the second amended complaint, which were limited.  However, under 28 U.S.C. § 1915(e)(2)(B), the court has authority to screen the second amended complaint under the same standard as a Rule 12(b)(6) challenge.  Therefore, the court will address the entirety of the second amended complaint.

## STANDARD OF REVIEW

Plaintiff is proceeding in this action *in forma pauperis*. (Doc. 8.) Therefore, the court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) in addition to ruling on Defendants' motion to dismiss.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe*

*v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### DISCUSSION

### A. Plaintiff Is Not Permitted to Join New Parties at This Time.

As stated above, Plaintiff's second amended complaint fails to clearly name the defendants in the action.  (Doc. 96.)  Therefore, the court is required to liberally construe the pleading since this is a *pro se* action.  *See Erickson*, 551 U.S. at 94. Throughout the facts, Plaintiff identifies eight individual actors in the second amended complaint: Larcass; Dufour; Lieutenant Porta; Smith; Close; Knowles; Lieutenant Woomer; and Nurse Simington.  Only five of these individual actors were named in the original complaint, served, and have appeared before the court. (Doc. 12.)  Lieutenant Porta, Lieutenant Woomer, and Nurse Simington were not identified in the original complaint, and were never served.  Any claims raised against them in the amended complaint were dismissed.  (Doc. 94.)

Lieutenant Porta's involvement was limited to delivering lunch trays.  (Doc. 96, ¶ 6.)  However, there is no constitutional claim arising from these alleged facts. Therefore, it is unclear which of the claims Plaintiff intends to raise against Lieutenant Porta.

Lieutenant Woomer is allegedly the individual who instructed others to spray Plaintiff with O.C. spray on April 11, 2018.  (*Id.*, ¶ 15.)  Therefore, it appears Plaintiff attempts to bring an Eighth Amendment excessive force claim, retaliation claim, conspiracy to retaliate claim, retaliation due to sexual preference claim, a failure to protect claim, an assault claim, and a sexual assault/harassment claim against Lieutenant Woomer.

Nurse Simington is the individual who allegedly refused to treat Plaintiff following the use of O.C. spray on April 11, 2018.  (*Id.*, ¶ 16.)  Therefore, the court attributes his Eighth Amendment deliberate indifference claim to this alleged refusal.

The court will not allow Plaintiff to join additional parities to this action so late in the procedural process.  A party may seek the joinder of permissive parties when a right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences; and that common question of law or fact exist as to all defendants. Fed. R. Civ. P. 20(a).  Courts have broad discretion in applying Fed. R. Civ. P. 20 to reduce inconvenience, delay, and added expense to the parties and to

the court, and to promote judicial economy.  *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009).

Here, it appears that the claims against Lieutenant Porta, Lieutenant Woomer, and Nurse Simington arose from the same alleged retaliatory actions in January and April of 2018.  However, this case has been pending for over four years.  Discovery closed on July 29, 2022.  (Doc. 69.)  The court offered Plaintiff a limited opportunity to amend his complaint following a motion for judgment on the pleadings, and only because of his status as a pro se litigant.  (Doc. 88.)  However, Plaintiff is an experienced pro se litigant who has been litigating before this court since 2016.  *See Stockton v. Wetzel*, No. 1:16-CV-00613-JPW-EW (M.D. Pa. 2016).  Therefore, he has been aware of the local and federal rules of civil procedure for some time and was aware of his right to amend the complaint during discovery as new parties became known.  Additionally, adding new defendants at this procedural posture would inconvenience the parties and delay the resolution of the case.  Such an addition would require the new parties to be served, allow them an opportunity to answer the second amended complaint, and reopen discovery.  Essentially, it would restart the entire procedural process of this action.  Therefore, the court refuses to add these new defendants, and any claims against them will be dismissed.

**B. All Claims for Monetary Damages Against Defendants In Their Official Capacity Will Be Dismissed.**

In the June 21, 2023 order granting Defendants' motion for judgment on the pleadings in part, the court dismissed with prejudice all claims for monetary damages against Defendants in their official capacity.  (Docs. 87, 88.)  Therefore, all such claims raised in the second amended complaint are also dismissed with prejudice.

**C. All First Amendment Retaliation Claims Will Be Dismissed.**

Throughout the second amended complaint, Plaintiff alleges retaliation. (Doc. 96.)  Retaliation is the legal theory that links all three series of events pled in the second amended complaint.  (*Id.*)  However, Plaintiff has failed to allege they he filed any grievances against any of the individuals who took the alleged retaliatory actions.

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts.  *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015).  A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523,

530 (3d Cir. 2003).  The filing of a lawsuit or a prison grievance constitutes

protected activity under the First Amendment.  *Fantone*, 780 F.3d at 191.

### 1.  January 27, 2018 Denial of Haircut

First, Plaintiff alleges that he was denied a haircut on January 27, 2018 by

Defendants Larcass and DuFour in retaliation for filing grievances.  (Doc. 96, ¶¶ 3,

5.)  However, Plaintiff never alleges that he filed any grievances against

Defendants Larcass and DuFour prior to January 27, 2018.  In reviewing the

documents attached to the second amended complaint, which includes copies of

the original complaint and the amended complaint, it appears that Plaintiff has filed

the grievances that were attached to the original complaint.  (Doc. 96-3, pp. 5–15.)

While the copies of the grievances themselves are illegible, Plaintiff has provided a

statement with each one.  None filed before January 27, 2018 were directed

towards Defendants Larcass or DuFour.  (*Id*.)

This impacts the third element of a retaliation claim.  This court has

repeatedly refused to find a causal connection when the alleged perpetrator of the

retaliatory activity was not the subject of the constitutionally protected activity.

*See Calloway v. Bauman*, No. 2:20-cv-2337, 2022 WL 4357468, at *9 (M.D. Pa.

Sep. 20, 2022) *citing Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3,

2010), *aff'd*, 565 F. App'x 126 (3d Cir. 2014); *also citing Evans v. Rozum*, 2009

WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why

[the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity).  Therefore, Plaintiff has failed to state a First Amendment retaliation claim Defendants Larcass and DuFour, and such claims will be dismissed.

### 2.  January 27, 2018 Use of O.C. Spray

Next Plaintiff claims that Defendants Larcass and DuFour sprayed him with O.C. spray as retaliation for filing grievances.  (Doc. 69, ¶¶ 9–10.)  However, as addressed above, Plaintiff fails to plead that Defendants Larcass or DuFour were the subject of any grievance filed before January 27, 2018.  Of the grievances attached to the second amended complaint, the first filed against Defendants Larcass or DuFour is the one reporting this incident.  (Doc. 69-3, p. 14.)  Without pleading that Defendants Larcass or DuFour were the subjects of grievances filed prior to January 27, 2018, Plaintiff has failed to state a First Amendment retaliation claim against them.  Therefore, this retaliation must also be dismissed.

### 3.  April 11, 2018 Use of O.C. Spray

Plaintiff alleges that Lieutenant Woomer's April 11, 2018 use of O.C. spray against him was also an act of retaliation.  (Doc. 69, ¶ 15.)  However, the court has

declined to add Lieutenant Woomer as a defendant this late in the procedural history of the case.  Furthermore, Lieutenant Woomer was also not the subject of any grievances filed prior the April 11, 2018.  Therefore, any retaliation claims against Lieutenant Woomer in the second amended complaint fail.

Plaintiff fails to state a First Amendment retaliation claim on which relief may be granted in the second amended complaint.  Therefore, such claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. All Conspiracy to Retaliate Claims Will Be Dismissed.

Plaintiff attempts to argue that all three incidents were related through an underlying conspiracy between the named parties to retaliate against him for the filing of grievances.  (Doc. 96.)  However, since he fails to allege any of the those involved in the alleged conspiracy were the subject of grievances, his underlying retaliation claims fail, resulting in the conspiracy claim also failing.

There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

> (1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (internal citations omitted)).

Plaintiff clearly attempts to demonstrate a meeting of the minds through the various statements he quotes throughout the facts concerning alleged instructions to Defendants Larcass and DuFour and Lieutenant Woomer by Defendants Smith, Close, and Knowles regarding consequences for filing grievances.  (Doc. 96.)  However, Plaintiff has failed to plead the required elements of a conspiracy.  Plaintiff's second amended complaint is devoid of any allegations that those involved in the conspiracy were the subject of grievances.  (Doc. 96.)  Furthermore, in review of the documents filed with the second amended complaint, Plaintiff has not demonstrated that he filed any grievances against Smith, Close, or Knowles.  Instead, attached are inmate request to staff member forms directed towards Defendants Smith, Close, and Knowles that predate the alleged incidents.  (Doc. 96-3, pp. 12–13, 15.)  These documents are considered informal attempts at resolution, equivalent to a direct conversation with the Unit Manager or Officer-in-Charge, and not an official grievance.  DC-ADM 804(a)(A)(3).  Therefore, these are not protected by the First Amendment like the filing of an official grievance under *Fantone*.

The only grievance attached to the second amended complaint concerning members of the alleged conspiracy is the grievance filed against Defendants Larcass and DuFour for the January 27, 2018 events.  (Doc. 96-3, p. 14.)  Plaintiff alleges that Lieutenant Woomer's use of O.C. spray was done as part of the

conspiracy with Defendants Smith, Close, and Knowles, not Defendants Larcass and Dufour.  (Doc. 96, ¶¶ 14–15.)  Again, Plaintiff has failed to plead the elements of retaliation.  Therefore, his attempt to plead a conspiracy to retaliate also fails.

### E. All Claims Against Defendant Wetzel, Smith, and Close Will Be Dismissed.

While Defendant Wetzel is the only defendant named in the heading of the second amended complaint, Plaintiff failed to allege any personal involvement on his behalf.  (Doc. 69.)  Likewise, absent the alleged conspiracy to retaliate claims alleged against Defendants Smith and Close, Plaintiff fails to allege any personal involvement on their part.  Therefore, any potential claims raised against these three Defendants in the second amended complaint will be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

To the extent that Plaintiff intends to bring claims against Defendant Wetzel as the Secretary of Corrections at the time of the alleged incidents, all such claims cannot succeed on the theory of respondent superior.  A supervisor will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights.  *See Carter v. City of Philadelphia,* 181 F.3d 339, 357 (3d Cir. 1999).  To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice. *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).  Plaintiff has failed to allege any of these requirements in the second amended complaint.  Instead, Plaintiff has made clear that the actors in the alleged facts include Defendants Larcass and DuFour. Therefore, any claims against Defendants Wetzel, Smith, and Close will be dismissed.

### F.  Plaintiff's January 27, 2018 Eighth Amendment Excessive Force Claim Will Proceed.

The Eighth Amendment's protection against cruel and unusual punishment is the "primary source of substantive protection in cases . . . where the deliberate

use of force is challenged as excessive and unjustified." *See Whitley v. Albers*, 475 U.S. 312, 327 (1986).  The question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, (1992) (citing *Whitley,* 475 U.S. 312).

Without addressing whether Plaintiff will succeed on such a claim, he has pled that the use of force was applied maliciously and sadistically to cause harm on January 27, 2018.  Therefore, this claim will survive any Defendants' Rule 12(B)(6) challenge or screening by the court.

### G. Plaintiff's Eighth Amendment Conditions of Confinement Claim Will Be Dismissed.

As addressed above, the Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson*, 503 U.S. at 8–9; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's

necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).  Such a claim contains two requirements: an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prisoner asserting a claim that the conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45.

Here, nothing Plaintiff has alleged raises the necessary elements of an Eighth Amendment claim based on the conditions of confinement.  The denial of a haircut does not rise to the level of cruel and unusual punishment.   (Doc. 96, ¶¶ 3, 5.)  Plaintiff also alleges he was placed in a cell without necessary amenities.  (*Id.*, ¶ 16.)  While this potentially supports a cruel and unusual punishment claim, Plaintiff fails to name any defendants as having any personal involvement in his placement in the cell.  (*Id.*)  Therefore, this Eighth Amendment claim will be dismissed.

**H. Plaintiff's Defamation of Character Claim will Be Dismissed.**

Plaintiff cannot succeed on a defamation claim for the name-calling alleged in the second amended complaint. It is well settled that defamation is actionable under § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution. *Paul v. Davis*, 424 U.S. 693, 701 (1976). Therefore, the use of offensive slurs alone does not rise to the level of extinguishment a right or status guaranteed by state law or the Constitution. *See Seabrook v. Cox*, No. 1:21-CV-1137, 2021 WL 11132594 *4 (M.D. Pa. July 14, 2021).

Plaintiff also alleges that Defendants Larcass and DuFour filed false misconduct reports against him that were relied upon to deny Plaintiff's parole. (Doc. 96, ¶ 12.) However, the Supreme Court has held that the granting of parole prior to the expiration of a prisoner's maximum term of imprisonment is not a liberty interest protected by the Fourteenth Amendment's Due Process Clause. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, the existence of a state parole system alone does not create a constitutionally protected liberty interest. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Pennsylvania's Probation and Parole Act does not grant state prisoners any constitutionally protected liberty interest in being released on parole prior to the expiration of their controlling maximum sentences. *See McFadden v.*

21

*Lehman*, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997).  Therefore, the allegation that Defendants Larcass and DuFour filed allegedly false statements do not rise to the level of stigma plus a violation of a constitutional right under *Paul*.  Therefore, any deformation claims will be dismissed.

### I.  Plaintiff's Fourteenth Amendment Equal Protection Claim Will Be Dismissed.

Plaintiff alleges an equal protectional and retaliation claim due to his sexual preference.  (Doc. 96, pp. 1–2.)  The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that "all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Thus, to state a claim under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class, and (2) he was treated differently from similarly situated inmates. *See id.*  Plaintiff appears to allege that he was a member of a protected class based on his sexual preference.  (Doc. 96.)  However, he fails to allege that he was treated differently from similarly situated inmates.  Therefore, any equal protection claim will be dismissed.

### J.  Plaintiff's Denial of Religious Practice Claim Will Be Dismissed.

Included in Plaintiff's list of claims at the beginning of the second amended complaint is a denial of religious practice claim.  (Doc. 96, pp. 1–2.)  However,

none of the facts in the second amended complaint address religious practices. Therefore, any such claim will be dismissed.

### K. Plaintiff's Criminal Claims Will Be Dismissed.

Included in Plaintiff's list of claims at the beginning of the second amended complaint are the claims of assault and sexual assault/harassment. (Doc. 96, pp. 1–2.) These are criminal claims under Pennsylvania State Law. *See* 18 Pa. C.S. § 2701; 18 Pa. C.S. §§ 3121–3133. Private citizens lack standing to initiate criminal proceedings. *United States v. Wegeler*, 941 F.3d 665, 668 (3d Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, these claims will be dismissed.

### CONCLUSION

For the foregoing reasons, the court will grant Defendants' motion to dismiss in part, and under 28 U.S.C. § 1915(e)(2)(B) will dismiss all claims raised in the second amended complaint except the use of excessive force claim against Defendants Larcass and DuFour for the January 27, 2018 use of O.C. spray.

Since this is Plaintiff's second attempt at curing the defects identified in his original complaint and he has failed to cure such defects, the court finds any additional opportunities to amend the pleadings in this action would be futile. Therefore, the claims dismissed in this accompanying order will be dismissed with prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated January 4, 2024