IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD STOCKTON, | : | Civil No. 3:19-CV-02228 |
| Plaintiff, | : | |
| v. | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Currently before the court are motions in limine from both Plaintiff and Defendants. (Docs. 141, 143.) Because the court does not have enough information to make a determination as to the first two requests made in Defendants' motion in limine, it will defer a decision on those two requests. The court will deny all other requests made in both Defendants' and Plaintiff's motions in limine.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in December of 2019. (Doc. 1.) In the complaint, Plaintiff alleged retaliation, cruel and unusual punishment, due process violations, and defamation of character by thirteen Department of Corrections ("DOC") employees. (Doc. 1.)

Following multiple amended complaints and motions filed under Fed. R. Civ. P. 12, the operative complaint this matter is the second amended complaint.

1

(Doc. 96.) On January 4, 2024, the court limited the claims at issue in this matter to a single excessive use of force claim for the use of O.C. Spray against Plaintiff on January 27, 2018. (Doc. 110.) The two remaining defendants are C.O. Larcass ("Larcass") and C.O. DuFour ("DuFour").[1] (*Id*.)

Plaintiff alleges that on January 27, 2018, Defendant Larcass made his rounds on the unit around 10:40 am and said "Stockton, you are a Faggot that needs to be taught a lesson," and "[w]e just maybe the ones to teach you a lesson, Smith, Close, and Knowles said we can do what we want to get your Faggot ass in line." (Doc. 96, ¶ 7.) Plaintiff alleges that Defendant Larcass called him a "Dick sucking Faggot." (*Id*., ¶ 8.)

Plaintiff alleges that at around 10:47 am, Defendants Larcass and DuFour, and an unnamed officer arrived at his cell door with a shield and "as these officer's [sic] put the shield on front of my cell door, C.O. Larcass told C.O. DuFour to spray this Faggot, Smith Close and Knowles started to do whats needed until this Faggot stops the grievances and complaints." (*Id*., ¶ 9.) He alleges that Defendant DuFour removed the shield and emptied a whole can of O.C. into Plaintiff's face while stating "Fuck this Faggot, I got him." (*Id*., ¶ 10.) Plaintiff alleges that no staff contacted the shift commander as required under DC-ADM 6.5.1. (*Id*., ¶ 11.)

---

[1] All claims for monetary damages against these Defendants in their official capacity have also been dismissed. (Doc. 110.) The prayer for relief in the second amended complaint asks for compensatory damages, costs, and injunctive relief. (Doc. 96, p. 2.)

2

Plaintiff alleges that he had a cut on his wrist and was burning from O.C. exposure. (*Id.*, ¶ 16.)

This matter is currently scheduled for jury selection on October 14, 2025. (Doc. 137.) In accordance with the court's date certain trial scheduling order, both Defendants and Plaintiff filed motions in limine along with supporting briefs. (Docs. 141, 142, 143, 144.) Briefs in opposition to both motions have also been filed. (Docs. 147, 150.) The pending motions are currently ripe for disposition.

## DISCUSSION

### A. Motions In Limine

Both Plaintiffs and Defendants have filed motions in limine, which the court will address now.

#### 1. Standard

"The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, No. 1:15-cv-00859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017) (citations omitted). A motion in limine permits "the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *See United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017); *see also United States v. Hamdan*, 537 F. Supp. 3d 870, 878–79 (E.D. La. 2021) ("[T]he purpose of a motion in limine is to

prohibit [an opponent] 'from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.'" (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977))).

Moreover, this court has held the following in regards to motions in limine:

> [o]n a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." [*Tartaglione*, 228 F. Supp. 3d at 406.] Evidentiary rulings on motions in limine are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). . . . Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." [*Ridolfi*, 2017 WL 3198006, at *2] (citation omitted).
>
> "A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." [*Tartaglione*, 228 F. Supp. 3d at 406] (citation omitted). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

*See United States v. Larry*, 537 F. Supp. 3d 766, 768 (M.D. Pa. 2021).

## 2. Defendants' Motion In Limine Will Be Deferred In Part and Denied In Part.

Defendants' motion in limine requests three specific exclusions at trial: (1) the 2005 Security Policy 6.5.1; (2) witness testimony about contact with the shift commander; and (3) referring to O.C. spray as a weapon. (Doc. 141.)

First, the court will address the 2005 Security Policy 6.5.1. The issue that will be before the jury in this action is whether or not Defendants Larcass and DuFour used excessive force on January 27, 2018 when they used O.C. Spray. Plaintiff has made repeated statements that their use of force was in violation of Security Policy 6.5.1 because they did not contact the shift commander prior to the use of force and they did not use a hand held camera to document the use of force. (Doc. 143.) Plaintiff argues that he will use it to impeach Defendants' testimony based on the below rationale:

> [to] preserve the Common Law Right for the need to promote the ability of the public to understand the judicial process itself, and the basis or explanation for a courts decision, and that there is a heightened interest in this case in the access to the filings in this case because the party itself is a government agency, and will place a substantial burden on Plaintiff claims, and deprive Plaintiff of a fair trial.

(Doc. 150, p. 3.)[2]

The admissibility of the proposed evidence challenged by Defendants is governed, at least in part, by Federal Rules of Evidence 401, 402, and 403. Federal

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

Rule of Evidence 402 states that all relevant evidence is admissible.  Federal Rule of Evidence 401 states that evidence is relevant where it has "any tendency to make a fact more or less probable than it would without the evidence, and the fact is of consequence in determining the action."  Federal Rule of Evidence 403 excludes relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

    The court acknowledges that motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F.Supp.2d 699, 707 (E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).  Thus, certain motions, "should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the

putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

The issue before the jury will be whether or not Defendants Larcass and DuFour used excessive force on January 27, 2018 when they used O.C. Spray on Plaintiff. The defining question in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, (1992) (citing *Whitley c. Albers*, 475 U.S. 312 (1986)).

The court highlights that a violation of prison policy is not equivalent to a constitutional violation. It is axiomatic that "a prison policy manual does not have the force of law and does not rise to the level of a regulation" and that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Seism*, 449 F. App'x 232, 235 (3d Cir. 2011) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"). However, the court will consider Plaintiff's argument that the failure to follow policy constitutes evidence of the malicious nature of the actions in the context of the trial evidence. Plaintiff asserts that the failure to follow policy by not notifying the shift commander and not documenting the use of force with a

7

handheld camera, is evidence that Defendants had a covert plan to use force in a malicious manner without any evidence surviving the event.

Defendants raised the argument that "a security policy in effect in 2005, which predates the incident at issue by nearly 13 years, is not relevant to the remaining claim." (Doc. 143, p. 3.) Defendants do not go so far as to allege that this was not the policy in effect on January 27, 2018. In the same document, Defendants argue that the 6.5.1 manual is protected from disclosures by courts in this district as highly secure information. (*Id.*, p. 4.) Therefore, it is unclear if the policy is inapplicable at the time of the incident or if it is still applicable since it is too secure to release. Additionally, the court notes that this policy is part of the public record in an unrelated action in this court and multiple non-party inmates, including Plaintiff, have requested and received copies of this policy. *See Victor v. Lawler*, No. 3:08-cv-01374-MCC, Doc. 183-2 (M.D. Pa.).

Additionally, the court notes that Plaintiff is free to develop testimony concerning the policy in place in January of 2018 through the testimony of witnesses.

In consideration of the above unanswered questions and the potential for Plaintiff to develop his argument through testimony, the court will defer a decision on the admissibility of this document.

Second is Defendants' request that witness testimony concerning contact with the shift commander be excluded from evidence. (Doc. 142.) Based on Plaintiff's arguments in his brief in opposition, his desire to elicit testimony concerning who and when the shift commander was contacted is in tandem with his desire to introduce Security Policy 6.5.1 as evidence. (Doc. 150.) Therefore, the court will make the same determination and defer a decision on the admissibility of this testimony.

Third is Defendants' request that Plaintiff be precluded from referring to O.C. Spray as a weapon. It appears that Defendants view the word "weapon" as inflammatory. (Doc. 142, p. 7.) While Fed. R. Evid. 403 allows the exclusion of inflammatory evidence, Defendants are not requesting the exclusion of evidence. Instead, they are requesting the exclusion of characterization of the evidence. Defendants provide no legal basis for this particular exclusion. Here, Plaintiff's argument is that the force used against him on January 27, 2018 was unconstitutional. Therefore, the court will allow him to use the characterization of the evidence that furthers his argument. As such, Defendants' request is denied.

### 3. Plaintiff's Motion In Limine Will Be Denied.

Plaintiff requests that the handheld video be excluded "as it shows a lack of reliability and trustworthiness due to the self interest of the Defendants responsible for the records." (Doc. 143.) Specifically, Plaintiff alleges that Defendant Larcass

failed to use the handheld camera for the actual incident in an effort to avoid documenting a use of force in violation of the Eighth Amendment and the after-the-fact footage from the handheld video may be sued to "taint the jury by showing them after the fact evidence, like anybody in their right mind wouldn't [undiscernible] after being sprayed with O.C. for trying to get a grievance and see a supervisor." (*Id.*) Plaintiff argues that the video violates Fed. R. Evid 803, which dictates the exceptions to the rule against hearsay. (*Id.*)

  Plaintiff's argument is unavailing. He does not allege that there are errors in the video or any other indication that it does not accurately depict the events that occurred following the use of the O.C. Spray. Plaintiff is able to develop testimony as to why the use of the handheld camera began only after the use of the O.C. Spray. Therefore, Plaintiff's motion in limine will be denied.

## CONCLUSIONS

For the reasons discussed above, the court will defer a determination of Defendants' motion in limine concerning the exclusion of Security Policy 6.5.1 and testimony regarding when the shift commander was notified of the use of force. Defendants' motion in limine concerning the diction used by Plaintiff to describe the events that took place on January 27, 2018 will be denied. Plaintiff's motion in limine will be denied in full.

An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: October 6, 2025